IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:16-CR-340 (NAM) |
| | ) | |
| v. | ) | |
| | ) | |
| **TAMMY J. LAMERE,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OFFER OF PROOF

In anticipation of the defendant's scheduled change of plea, the United States submits this Offer of Proof to provide the Court with and advise the defendant concerning the potential maximum penalties, a non-exhaustive list of adverse consequences that may flow from conviction, the elements of the offense(s), and a factual basis for the defendant's guilty plea.  **The government respectfully requests that the Court ask the defendant to acknowledge the accuracy of the factual basis or to state with specificity any disagreement with any of the facts described in it.**

1) **Potential Maximum Penalties:** The Court can impose the following maximum penalties for the offenses to which the defendant is pleading guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

   a) **Maximum term of imprisonment:** 30 years per count, pursuant to 18 U.S.C. § 2251(e).

   (if applicable; otherwise delete:)

   b) **Mandatory minimum term of imprisonment:** 15 years per count, pursuant to 18 U.S.C. § 2251(e).

   c) **Maximum fine:** $250,000, pursuant to 18 U.S.C. 3571(b) (3).

    (1) **Supervised release term:**  In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release between 5 years and life, to begin after imprisonment.  *See* 18 U.S.C. § 3583(k).  A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to 3 years.

d) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

e) **Required Registration for Sex Offenders:** Under the Sex Offender Registration and Notification Act, the defendant, as a result of the conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee, and where the defendant is a student.  For initial registration purposes, the defendant also must register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.  A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.  Further, notwithstanding the description set out above of the consequences of a violation of the conditions of supervised release, if the defendant, while on supervised release, commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, of Title 18 for which imprisonment for a term longer than 1 year can be imposed, the court will revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years on the violation.

f) **Additional Special Assessment:**     In addition to the assessment imposed under § 3013, unless the court finds him to be indigent the defendant shall pay an additional assessment

of $5,000 pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based. 18 U.S.C. § 3014(b).

g) **Forfeiture:** Pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853(p), the Court may enter an order directing forfeiture to the United States of the property described in the Forfeiture Allegation in the indictment described above, and the Bill of Particulars filed in this matter, or to any substitute assets, or to a money judgment, all as more fully set out below:

1. one Sony Cybershot Camcorder serial no. 376475, with 64MB Sony memory card;
2. one Sandisk 1GB SD card serial no. BB0630005013D;
3. one 160GB HP external hard drive, serial no. CNU651001X;
4. one 1TB HP external hard drive, serial no. THUA19A88D;
5. one 1TB HP hard drive, serial no. WCC0T0556626;
6. 35 floppy disks;
7. one Western Digital hard drive, serial no. WMAAU1799995;
8. one 1 TB HP external hard drive, serial no. THUA19A5B7;
9. Canon Powershot A560 camera, no. PC1229;
10. Nikon Coolpix camera, serial no. 30807203;
11. Custom built personal computer, bar code no. 11147107061500213;
12. HP Tower PC, serial no. MXV8490DH2;
13. Seagate hard drive, serial no. 5LS1YRHB;
14. one SD card, numbered 83B1000TE20B and 800731400000.

h) **Other Adverse Consequences:**

(1) Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

    (2)      A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

2) **Elements of Offenses:**

  a) **For Count One, Conspiracy to Sexually Exploit a Child:**

    (1)    Two or more persons conspired to use a minor to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct where the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce; and

    (2)    The defendant joined the conspiracy, either at its inception or sometime during its existence, knowing the purpose of the conspiracy and intending to help it succeed.

  b) **For Count Two, Sexual Exploitation of a Child:**

    (1)    The victim was under the age of eighteen;

    (2)    The defendant used the victim to take part in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of that conduct; and

    (3)    The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce.

3) **Factual Basis for Guilty Plea:**

From in or about 2010 through 2013, in Oswego County in the Northern District of New York, defendant Tammy Lamere conspired with co-defendant Clif Seaway to sexually abuse V-3, a minor female child born in 2004, whose identity is known to the defendant and the Court, for the purpose of producing visual depictions of that conduct. As a part of the conspiracy, Lamere and Seaway engaged the child in sexual conduct, and both produced images and videos of the abuse using a Canon Powershot A560 camera, manufactured in Malaysia. The images and videos produced during the conspiracy were then catalogued and maintained by co-conspirator Seaway

on an external hard drive also manufactured in Malaysia. The camera used to produce the images was recovered from Lamere's home during an investigation into the child's abuse. Also during that investigation, Lamere admitted to police that over a period of time she and Seaway engaged the child in sexually explicit conduct both at Seaway's residence and at Lamere's home, both in Oswego County. She admitted that during the abuse she and Seaway would take pictures using Lamere's camera, that she let Seaway use the camera for that purpose, and that Seaway would thereafter transfer the images to a computer and delete them from the camera.

During the course of the conspiracy the defendant and Seaway aided and abetted one another in the sexual exploitation of V-3. In that regard, if Lamere was engaging in sexually explicit conduct with the child, Seaway was producing visual depictions of the abuse, and if Seaway was engaging the child in sexually explicit conduct, Lamere was producing visual depictions of the abuse. The following are descriptions of some of the visual depictions actually produced by the defendant and Seaway, as charged in Count 2 of the Indictment. Lamere was involved with Seaway in the sexual exploitation of V-3 for the purpose of producing all of the following depictions, each of which was filmed by Lamere or Seaway, using the Canon PowerShot A560 camera (manufactured in Malaysia) recovered from Lamere's residence:

1. Image **TD523.jpg**, produced on July 15, 2010, depicts Tammy Lamere and V-3 both engaged in mouth to penis contact with Clif Seaway.

2. Image **TD529.jpg**, produced on July 15, 2010, 17 minutes after image TD523 (described above), depicts Clif Seaway engaged in mouth to vagina contact with V-3.

3. Video **TD7620.avi**, produced on August 31, 2012, depicts Tammy Lamere and V-3 engaged, at the same time, in mouth to penis contact with Clif Seaway. In the video, after Lamere and V-3 remove their mouths from Seaway's penis, Lamere points to Seaway's penis, indicating

to V-3 that the child alone should continue with mouth to penis contact with Seaway, and the child complies.

    4.    Image **TD9116.jpg**, produced on July 13, 2013 depicts Tammy Lamere naked in bed with V-3, who is also naked. In the image, the child is kneeling next to Lamere and has her mouth on Lamere's breast.

    5.    Image **TD9128.jpg**, produced on July 13, 2013, about one hour after image TD9116 (described above), depicts Tammy Lamere penetrating V-3's vagina with her finger.

    6.    Image **TD9141.jpg**, produced on July 13, 2013, six minutes after image TD9128 (described above), depicts V-3 engaged in mouth to penis contact with Clif Seaway.

Respectfully submitted,

GRANT C. JAQUITH  
Acting United States Attorney

/s/

Lisa M. Fletcher  
Assistant United States Attorney  
Bar Roll No. 510187

12/18/2017  
Date