IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

TAMMY LAMERE,

          Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case No.   5:16-CR-340 (NAM)

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court impose a Guidelines sentence.

## INTRODUCTION

On December 18, 2017 defendant Tammy Lamere entered a plea of guilty to Counts 1 and 2 of Indictment 16-CR-340. Count 1 charges her with conspiring with Clif Seaway to sexually exploit a child, and Count 2 charges her with acting together with Seaway to use that child to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, in violation of Title 18, United States Code, Sections 2251(a) and (e).

Lamere is scheduled to be sentenced on May 23, 2018.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.**	**Statutory Maximum and Minimum Sentences**

The defendant's convictions on Counts 1 and 2 of the Indictment subject her to a statutory minimum term of imprisonment of 15 years, and a statutory maximum terms of 30 years of imprisonment, per count.   18 U.S.C. § 2251(e); PSR ¶ 86.   In addition, each count carries with it a mandatory term of supervised release of at least 5 years, and up to life, 18 U.S.C. § 3583(k), PSR

¶ 91, and a fine of up to $250,000.   18 U.S.C. § 3571; PSR ¶ 96.[1]

**2.    Guidelines Provisions**

   **a.    Offense Level**

The Government adopts, without qualification, the Guidelines calculation set forth in the PSR, resulting ultimately in a Total Offense Level of 43.   PSR ¶¶ 41-55.

   **b.    Acceptance of Responsibility**

The Government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "timely notified authorities of her intention to enter a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."   PSR ¶ 52.

   **c.    Criminal History Category**

According to the presentence report, the defendant's Criminal History Category is I.   PSR ¶¶ 56-59.   The Government agrees with the Probation Office's determination of the defendant's criminal history category.

   **d.    Guidelines Range and Sentence**

As described above, the defendant's Total Offense Level is 43 and her Criminal History Category is I.   As a result, the Sentencing Guidelines advise that the defendant receive a sentence of life.   PSR ¶ 87.   However, as the statutory maximum sentence on each of Counts 1 and 2 is 30 years, the Guidelines range becomes 60 years.   *Id*.   *See United States v. Ketcham*, 506 Fed. App'x. 42 (2d Cir. 2013); *United States v. Petrie*, 542 Fed. App'x. 746 (2d Cir. 2013).   U.S.S.G.

---

[1] The Government agrees with the assessment of the Probation Officer that it appears the may have the ability to pay a fine, and notes that she has $10,000 on hand in her jail account.   PSR ¶¶ 82- 85.

§ 5G1.2(d) provides that in such a circumstance, the sentences imposed on each count of conviction shall run consecutively "to the extent necessary to produce a combined sentence equal to the total punishment."  *See* PSR ¶ 87.

The Guidelines term of supervised release is no less than 5 years, and up to Life.  PSR ¶¶ 93, 18 U.S.C. § 3583(k).  The Guidelines recommend lifetime supervision.  *Id*., U.S.S.G. § 5D1.2(b)(2).

**3.     Forfeiture**

As set forth in the Forfeiture Allegation of the Indictment, the defendant shall forfeit to the United States all of her right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253.  PSR ¶ 3.

**GOVERNMENT'S SENTENCING RECOMMENDATION**[2]

For all of the reasons set forth herein, the Government maintains that a Guidelines sentence is just, and not greater than necessary to comply with the purposes of sentencing.  18 U.S.C. § 3553(a).  The sentence recommended by the Guidelines takes into account the nature and seriousness of the defendant's crimes, including the length of time she was involved in the sexual abuse of the child victim, and the actual sexual acts she committed against the child, as well as

---

[2] The Government reserves the right to respond to defense arguments raised after the filing of this memorandum.  Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond.  *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

each of the other relevant considerations required under 18 U.S.C. § 3553(a).  It is noteworthy that the policy statement issued by the Sentencing Commission (U.S.S.G. § 5K2.0(b)) advises against a departure from the Guidelines in child crimes and sexual offenses except in explicitly numerated circumstances, none of which, the Government submits, are present here.

From 2010 – 2013, Lamere participated in the sexual abuse of the child victim.   PSR ¶ 23.  The child was between the ages of 5 and 9 during the course of Lamere's participation in her abuse. *Id*.   The abuse was photographed, with Lamere's camera, on at least 11 occasions, during which approximately 225 image and video files were produced. PSR ¶ 24.   The activity the defendant engaged in with the child is shocking and horrific.   Depictions recovered in the case include images and videos memorializing the following acts: Lamere and the child (at age 5), both performing oral sex on Seaway; Lamere and the child, both lying naked in bed, with the child's mouth on Lamere's breast; the child, at age 8, being vaginally penetrated by Lamere's finger; and Lamere instructing the child (at age 8) to continue performing oral sex on Seaway.   PSR ¶ 24.  Additionally, while not depicted in the recovered images, Lamere admitted to police that she engaged in other sexual conduct with the child, including rubbing the child's vagina and performing oral sex on her.   PSR ¶ 30.

Few offenses are more serious, and the recommended sentence acknowledges that, while at the same time affording adequate deterrence to others. Moreover, Guidelines sentencing is the surest way to ensure against sentencing disparity "among defendants with similar records who have been found guilty of similar conduct."   18 U.S.C. § 3553(a)(6).   If all defendants, like Lamere, who engage in sexually explicit conduct with a child *for three years*, and produce images memorializing that exploitation, are sentenced within the range recommended by the Sentencing

Commission, there will be no sentencing disparity. *See*, e.g., *United States v. Ketcham*, 507 Fed. App'x. 42 (2d Cir. 2013) (upholding 60 year sentence for three counts of producing images of one victim); *see also United States v. Brok Chase*, 695 Fed. App'x. 601 (2d Cir. 2017) (upholding 50 year sentence for four counts of sexually exploiting one child between ages four and six).

## CONCLUSION

For all of the reasons set forth above, the Government maintains that a Guidelines sentence is the outcome warranted by Lamere's crimes. Such a sentence is not greater than necessary, and is sufficient to comply with and accomplish the many goals of sentencing. 18 U.S.C. § 3553(a). As also recommended by the Guidelines, U.S.S.G. § 5D1.2(b), and warranted by the facts of this case, a term of lifetime supervised release should be imposed.

Respectfully submitted this 30th day of March, 2018,

GRANT C. JAQUITH
United States Attorney


By: /s/ *Lisa M. Fletcher*
Lisa M. Fletcher
Assistant United States Attorney
Bar Roll No. 510187

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

Case No.: 5:16-CR-340 (NAM)

v.

TAMMY LAMERE,

Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2018 I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the following:

Robert G. Wells, Esq.

/s/

Paula Briggs

6