**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

v.                                                                           5:16-CR-340 (NAM)

**TAMMY J. LAMERE,**

                 **Defendant.**
_____

**APPEARANCES:**

Lisa M. Fletcher
Office of the United States Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261
*Attorney for the United States*

Tammy J. LaMere
24076-052
Federal Medical Center Carswell
P.O. BOX 27137
Fort Worth, Texas 76127
*Pro Se Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Court Judge:**

**ORDER**

Now before the Court is Defendant's emergency motion for compassionate release due to the COVID-19 pandemic. (Dkt. No. 74). The Government opposes the motion. (Dkt. No. 76).

As background, on June 18, 2018, Defendant was sentenced to 360 months imprisonment following her plea of guilty to Conspiracy to Sexually Exploit a Child and Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and (e). (Dkt. No. 65). Defendant is currently being held at FMC Carswell with a projected release date of September 17, 2041.

Defendant now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which states in relevant part that the court may not modify a term of imprisonment once it has been imposed except that: "the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction."  Therefore, in order to obtain relief, a defendant must demonstrate: (1) exhaustion of administrative remedies; and (2) extraordinary and compelling reasons for compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Here, it is not clear if Plaintiff has fully exhausted her administrative remedies. Plaintiff's initial petition for compassionate release was denied by the warden of FMC Carswell on April 17, 2020.  (*See* Dkt. No. 74, p. 8).  Plaintiff was advised that she could "appeal this denial through the Administrative Remedy Program."  (*Id.*).  There is no evidence that she did so.  A plain reading of the statute and related regulations indicates that before coming to the court, an inmate must not only apply to her facility's warden for compassionate release but also exhaust the BOP's administrative appeal process.  *See* 28 C.F.R. § 542.15(a).  Thus, Plaintiff's motion, lacking such evidence, appears to be premature.

Nonetheless, evening assuming exhaustion, Defendant's motion fails on the merits. Defendant seeks compassionate release based on her preexisting health conditions including

COPD, diabetes, hypertension, and obesity, which increase her risk to the virus. (*Id.*, pp. 2–3). Plaintiff argues that her health situation and the COVID-19 pandemic qualify as extraordinary and compelling reasons for release. (*Id.*, pp. 5–6). In response, the Government contends that Defendant's health risk due to COVID-19 does not merit relief, and that she poses a significant danger to the community. (Dkt. No. 76, pp. 16–21)

The Court finds that Defendant has failed to show that her situation merits compassionate release based on extraordinary and compelling reasons. Notably, Defendant's health conditions appear to be stable and well-treated at FMC Carswell. (*See* Dkt. No. 76-1). Further, the BOP has responded aggressively to curb the spread of COVID-19, and there are no active cases at FMC Carswell. Moreover, the balance of factors under 18 U.S.C. § 3553(a) also weigh heavily against early release, particularly given the seriousness of Defendant's offense, which involved heinous crimes against children, and the fact that she still has over 21 years remaining on her sentence.

Wherefore, it is hereby

**ORDERED** that Defendant's motion for compassionate release (Dkt. No. 74) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated:  May 21, 2020
            Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge